IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA CIVIL DIVISION

Marvin ("Marty") G. Forson and
Jeannine Sala, individually, and on
behalf of all others similarly
situated,

      Plaintiffs,                                  Case No.: 8:05-cv-01181-EAK-TBM

v.

McDonald's Corporation, *et al*.

      Defendants.
_____/

**DEFENDANT, SYSCO CORPORATION'S, MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALTERNATIVE, TO DISMISS**

Pursuant to Rules 12(b)(6), 9(b), and 56, Federal Rules of Civil Procedure, and Rule 3.01, Rules of the United States District Court for the Middle District of Florida, Defendant, Sysco Corporation ("Sysco"), moves this Court for an Order granting summary judgment in its favor, or, in the alternative, dismissing Plaintiffs' First Original Class Action Complaint (the "Complaint") for failure to state a claim.  The grounds upon which this motion is based are set forth below.

1.    On or about June 23, 2005, Plaintiffs filed their Complaint seeking certification of a class of persons who purportedly were charged an unlawful sales tax on purchases of bottled water at restaurants throughout the state of Florida and elsewhere,

including, allegedly, by "Sysco Corporation d/b/a Block & Barrel Deli." Comp. ¶¶ 2 and 11;[1] Exhibit A to the Complaint.

2.  On or about July 11, 2005, Plaintiffs served Sysco, erroneously identified by Plaintiffs as "Sysco Corporation d/b/a/ Block & Barrel Deli" through Sysco's registered agent in Florida.

3.  Sysco is a Delaware company with its principal place of business in Houston, Texas.

4.  Sysco owns the stock of operating subsidiaries throughout the United States. These subsidiaries are separate corporations from Sysco, and each engages in the business of <u>wholesale</u> food sales and distribution.

5.  In the Complaint, Plaintiffs allege that all of the Defendants are "in the <u>retail</u> business of selling food, beverages and natural bottled water (unflavored) to the public." Comp. ¶ 8 (emphasis added).

6.  However, Sysco, itself, does not engage in either wholesale or retail sales of food or beverage products. Additionally, Sysco does not do business as "Block & Barrel Deli."

7.  The Florida Secretary of State's records reveal that "Block & Barrel Deli" is a fictitious name under which an individual, Floyd M. Slyman of Jacksonville, Florida, conducts business. *See* Exhibit B to Sysco's Notice of Filing in Support of its Motion for Summary Judgment.

8.  Accordingly, Plaintiffs apparently have sued the wrong party. In any event,

---

[1] Plaintiffs' First Original Class Action Complaint will be cited as "Comp. ¶ ___."

2

because Sysco does not engage in any sales of food or beverage products, Sysco is not a proper party and is entitled to summary judgment in its favor as a matter of law.

9. In the alternative, the Complaint, which presumably relies on a sales tax exemption for bottled water sold as a "general grocery item," must be dismissed for failure to state a claim because Florida law imposes a sales tax on bottled water sold by restaurants or other similar places of business.

10. Moreover, Plaintiffs have failed to state a claim because the allegations of fraud contained in Count Four of the Complaint are not set forth with the requisite particularity. Fed. R. Civ. P. 9(b).

WHEREFORE, Sysco respectfully requests that this Court enter an Order granting Sysco's motion for summary judgment, or, in the alternative, dismissing the Complaint for failure to state a claim.

Respectfully submitted,

/s/ David B. Weinstein
David B. Weinstein
Florida Bar No. 0604410
Kimberly S. Mello
Florida Bar No. 0002968
Geoffrey E. Parmer
Florida Bar No. 0989258
**BALES WEINSTEIN**
P.O. Box 172179
Tampa, Florida  33672-0719
Telephone:     (813) 224-9100
Telecopier:     (813) 224-9109
E-mail:dweinstein@balesweinstein.com
          kmello@balesweinstein.com
          geparmer@balesweinstein.com

Attorneys for Defendant, Sysco Corporation

**CERTIFICATE OF SERVICE**

I certify that on August 29, 2005, a copy of the foregoing has been electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to counsel of record.

    /s/ David B. Weinstein