UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN (MARTY) FORSON,
et al., etc.,

          Plaintiffs,

v.                                    CASE NO. 8:05-CV-1181-T-17TBM

McDONALD'S CORPORATION,
etc., et al.,

          Defendants.

_____/

                          ORDER

     This cause is before the Court on:

     Dkt. 71 Response to Order to Show Cause

     Plaintiffs request that the Court rule on the Rule 21
severance question in this case.  In a related case, Case No.
8:05-CV-829-T-30EAJ, Judge Moody granted severance because the
requirement of Rule 20 that the claims arise out of the same
transaction and occurrence was not met (Dkt. 161).

     The Court notes the following discussion in <u>Alexander v.
Fulton County, Georgia</u>, 207 F.2d 1303 (11th Cir. 2000):

          Among other things, the Federal Rules of Civil
          Procedure provide that "[a]ll persons may join in one
          action as plaintiffs if they assert any right to relief
          jointly, severally, or in the alternative in respect of
          or arising out of the same transaction, occurrence, or
          series of transactions or occurrences and if any
          question of law or fact common to all these persons
          will arise in the action."  Fed.R.Civ.P. 20(a) <u>See</u> <u>also</u>

Case No. 8:05-CV-1181-T-17TBM

> Grayson v. K Mart Corp., 79 F.3d 1086 1097 (11th Cir.
> 1996). A party seeking joinder of claimants under Rule
> 20 must establish two prerequisites: 1) a right to
> relief arising out of the same transaction or
> occurrence, or series of transactions or occurrences,
> and 2) some question of law or fact common to all
> persons seeking to be joined. See Fed.R.Civ. P. 20(a).
> Plainly, the central purpose of Rule 20 is to promote
> trial convenience and expedite the resolution of
> disputes, thereby eliminating unnecessary lawsuits.
> See Mosley v. General Motors Corp., 497 F.2d 1330, 1332
> (8th Cir. 1974). The Federal Rules, however, also
> recognize countervailing considerations to judicial
> economy. Rule 42(b), for example, provides for
> separate trials where the efficiency of a consolidated
> trial is outweighed by its potential prejudice to the
> litigants. See Fed.R.Civ.P. 42(b); Grayson, 79 F.3d at
> 1097. The Supreme Court has instructed the lower
> courts to employ a liberal approach to permissive
> joinder of claims and parties in the interest of
> judicial economy: "Under the Rules, the impulse is
> towards entertaining the broadest possible scope of
> action consistent with fairness to the parties; joinder
> of claims, parties and remedies is strongly
> encouraged." United Mine Workers v. Gibbs, 383 U.S.
> 715, 724 (1966).

This case is not like Mosely, supra, in which a group of
plaintiffs alleged a pattern and practice of discrimination. All
of the defendants in this case are separate entities. The Court
understands that "transaction" is a word of flexible meaning,
which "may comprehend a series of many occurrences, depending not
so much upon the immediateness of their connection as upon their
logical relationship." Moore v. New York Cotton Exchange, 270
U.S. 593, 610 (1926). In looking at the separate incidents
listed by Plaintiffs in Exhibit A of the Complaint, the Court
finds that there is no logical relationship.

Case No. 8:05-CV-1181-T-17TBM

Each Plaintiff in this case must prove liability on the part of a Defendant with respect to actions that the Defendant took as to the Plaintiff.  The Court finds that the present form of this case could result in unfair prejudice at a joint trial.  After consideration, the Court severs this cause pursuant to Fed.R.Civ.P. 21.  Accordingly, it is

**ORDERED that:**

1.   This action is **severed**;

2.   Plaintiffs shall be permitted to proceed with their claim as to one Defendant in this case;

3.   Plaintiffs have **twenty days** to amend his Complaint as to any one Defendant, at which time the Clerk shall terminate all remaining Defendants in this case.

4.   All pending motions are **denied** as moot with leave to refile should it become necessary.

5.   If Plaintiffs do not file an Amended Complaint within twenty days, this case will be dismissed without further notice to the parties.

Case No. 8:05-CV-1181-T-17TBM

    **DONE and ORDERED** in Chambers, in Tampa, Florida on this 21st day of December, 2005.

                ELIZABETH A. KOVACHEVICH
                United States District Judge

Copies to:
All parties and counsel of record